UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KARA M.,

                    Plaintiff,

          v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. C20-5304-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff appeals the denial of her applications for Supplemental Security Income and Disability Insurance Benefits.  She contends the ALJ erred by discounting her testimony, her sister's lay witness statement, and several medical opinions.  Dkt. 16.  For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 55 years old, has a high school education, and has worked as a truck driver and a production helper.  Tr. 26-27.  She alleges disability as of January 1, 2016.  Tr. 17.  The ALJ conducted a hearing in April 2019, finding Plaintiff not disabled.  Tr. 34-67, 17-28.  In pertinent part, the ALJ found Plaintiff's physical and mental impairments limited her to light work and simple, routine tasks.  Tr. 19, 22.

**DISCUSSION**

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.    Medical Opinions**

**1.    Treating Physician Michael K. Turner, M.D.**

In November 2018, based on diagnoses of lumbar radiculopathy and spondylosis, vascular insufficiency, and chronic fatigue syndrome, Dr. Turner opined Plaintiff could sit five hours a day and stand/walk one hour, getting up to move around for 10 minutes every hour.  Tr. 518, 521.  She could frequently lift 10 pounds.  Tr. 521.  Her symptoms would frequently interfere with attention and concentration.  Tr. 522.  Every two hours, she would need to rest for 10 minutes.  Tr. 523.

The ALJ gave Dr. Turner's opinions little weight on the grounds they lacked explanation and his own treatment notes failed to support the extreme limitations, and thus Dr. Turner must have relied on Plaintiff's self-reports.  Tr. 26.  Specifically, the ALJ found X-ray and MRI tests showed "no evidence of lumbar radiculopathy."  Tr. 26.  The ALJ cited a December 2016 lumbar MRI examination showing "[n]o spinal canal stenosis or neural foraminal stenosis of the lumbar spine."  Tr. 495; Tr. 23.  Stenosis is the "contraction or stricture of a passage, duct or canal." OED Online, Oxford University Press (Sept. 2020), https://www.oed.com/view/Entry/189805, stenosis.  The Commissioner interprets the ALJ's finding as "no evidence of contact with any nerve root."  Dkt. 17 at 5.  However, nothing in the record establishes such narrowing or nerve contact is necessary for radiculopathy.  Radiculopathy is defined as "[d]ysfunction of one or more spinal nerve roots, characterized by pain and sensory and motor disturbances and often

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 2

1    caused by compression…."  OED Online, Oxford University Press (Sept. 2020),

2    www.oed.com/view/Entry/268516, radiculopathy.  In other words, compression is not always the

3    cause.  Accordingly, the record does not establish the lack of stenosis conflicts with Dr. Turner's

4    opinions.  The ALJ provided no other evidence supporting his conclusion Dr. Turner's treatment

5    records did not support his opinions.  Tr. 26.  Plaintiff cites treatment notes showing "antalgic

6    gait, radiating pain and numbness to the lower extremities, weakness, tenderness, and atrophy of

7    the EDB muscle" as supporting lumbar radiculopathy, and extensive additional findings, such as

8    edema and back spasms, as supporting Dr. Turner's opinions more generally.  Dkt. 18 at 3-4,

9    Dkt. 16 at 6-7.  The ALJ did not explain how these findings do not support Dr. Turner's

10   opinions.  Accordingly, the ALJ's finding that a lack of explanation and conflict with the

11   treatment notes are not specific and legitimate reasons supported by substantial evidence to

12   discount Dr. Turner's opinions.

13          The ALJ also discounted Dr. Turner's opinions as inconsistent with Plaintiff's activities

14   of helping watch her sister's young children, doing self-care, driving, cooking, cleaning,

15   shopping, using public transportation, sewing, crafting, and doing yard work.  Tr. 26.  The ALJ

16   failed to explain how any of these activities conflict with Dr. Turner's opinions.  There is no

17   indication any of these activities require, for example, lifting more than 20 pounds or

18   standing/walking more than one hour per day.  The ALJ cited pushing a lawn mower, but there is

19   no indication it required more effort than lifting 10 pounds frequently or 20 pounds occasionally,

20   as Dr. Turner opined Plaintiff could.  Tr. 521.  Moreover, it caused increased pain.  Tr. 442.

21   Substantial evidence does not support the ALJ's findings that Dr. Turner's opinions are

22   contradicted by plaintiff's activities.

23

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 3

In sum, the Court concludes the ALJ erred by discounting Dr. Turner's opinions by failing to provide specific and legitimate reason supported by substantial evidence.

### 2.    Treating Providers Paul R. Monie, M.D., and Carter Lake, D.P.T.

The ALJ gave little weight to Dr. Lake's and Dr. Monie's June 2016 opinions Plaintiff cannot even perform sedentary work based on unremarkable clinical findings and because they opined the limitations would last three months with available medical treatment.  Tr. 25, 388. Social Security disability can only be based on inability to work due to impairments that have "lasted or can be expected to last for a continuous period of not less than 12 months" or result in death.  20 C.F.R. §§ 404.1505(a), 416.905(a).  The opined limitations did not meet the durational requirement for Social Security disability.  This was a specific and legitimate reason to reject those limitations.  The Court concludes the ALJ did not err by discounting Dr. Lake's and Dr. Monie's opinions.

### 3.    Examining Psychologist N.K. Marks, Ph.D.

Dr. Marks examined Plaintiff in July 2016 and September 2018, opining marked limitations in several work-related activities.  Tr. 400, 510.  The ALJ gave little weight to Dr. Marks' opinions as inconsistent with Plaintiff's lack of mental health treatment and largely benign mental status findings in the record, and to the 2016 opinion because normal cognitive testing results a few months later contradicted Dr. Marks' assessment of cognitive impairment. Tr. 25.

The ALJ did not explain how the lack of mental health treatment is "inconsistent" with Dr. Marks' opinions.  Tr. 25.  Failure to seek treatment or follow treatment recommendations can be a valid reason to discount a claimant's symptom testimony.  Where treatment is likely to be successful, a claimant's failure to avail herself of it implies her complaints are "unjustified or

1    exaggerated," because "a person's normal reaction is to seek relief from pain."  *Orn v. Astrue*,

2    495 F.3d 625, 638 (9th Cir. 2007).  However, there is no similar implication for a doctor's

3    assessment of a claimant's condition.  Plaintiff's failure to seek treatment does not imply Dr.

4    Marks' assessment was erroneous or exaggerated.  Plaintiff's lack of treatment was not a specific

5    and legitimate reason to discount Dr. Marks' opinions.

6          The ALJ's finding of largely normal mental status examination results was not supported

7    by substantial evidence.  The ALJ cited Dr. Marks' 2018 examination, which revealed

8    abnormalities in speech, attitude and behavior, mood, affect, fund of knowledge, and

9    concentration. Tr. 511-12.  The ALJ also cited treatment notes for appointments related to

10   anxiety and depression, which also typically show abnormalities.  *See*, *e.g.*, Tr. 479 (anxious,

11   depressed, tearful), 484 ("hyperactive").  The remaining treatment notes the ALJ cited were from

12   appointments related to back and neck pain, with cursory observations of mood and affect, and

13   even some of these included abnormal results.  *See*, *e.g.*, Tr. 537 ("Tearful and talkative"), 588

14   ("Agitated, anxious").  In the context of extensive abnormal results in thorough mental status

15   examinations, findings of appropriate mood and affect in appointments primarily focused on

16   physical symptoms are not representative of the record as a whole.  *See Thomas v. Barnhart*, 278

17   F.3d 947, 954 (9th Cir. 2002) (court must consider the record as a whole).  Unsupported by

18   substantial evidence, inconsistency with largely normal mental status results could not be a

19   specific and legitimate reason to discount Dr. Marks' opinions.

20         In July 2016 Dr. Marks administered the Trail Making Test parts A and B and assessed

21   Plaintiff as "significantly impaired" on both. Tr. 399.  Yet in November 2016, another

22   examining psychologist assessed Plaintiff as "not impaired" on Trails A and B.  Tr. 416.  This

23   was a specific and legitimate reason to discount Dr. Marks' opinions.  Plaintiff contends she had

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 5

1   "waxing and waning pain and fatigue disorders" affecting concentration.  Dkt. 16 at 11.  In

2   support she cites Dr. Turner's November 2018 opinion her symptoms frequently interfere with

3   concentration and a January 2017 treatment note reporting worsening anxiety and difficulty with

4   concentration.  Tr. 522, 477-78.  Neither explain why Plaintiff's test scores would improve from

5   significantly impaired in July 2016 to not impaired in November 2016.  Conflict with the record

6   was a specific and legitimate reason to discount Dr. Marks' 2016 opinions.  *See Ford v. Saul*,

7   950 F.3d 1141, 1156 (9th Cir. 2020) (inconsistency with objective medical evidence is a specific

8   and legitimate reason for rejecting the opinion of an examining doctor).

9       The Court concludes the ALJ permissibly discounted Dr. Marks' 2016 opinions but erred

10   in discounting Dr. Marks' 2018 opinions.

11       **4.      Melanie Edwards Mitchell, Psy.D., and Brian VanFossen, Ph.D.**

12       The ALJ gave little weight to these opinions because they were based on review of Dr.

13   Marks' 2016 and 2018 opinions.  As the ALJ erred in discounting Dr. VanFossen's 2018

14   opinions, on remand, the ALJ should reevaluate Dr. VanFossen's 2018 opinions.

15       **5.      Examining Psychologist CeCilia R. Cooper, Ph.D.**

16       The ALJ gave Dr. Cooper's November 2016 opinions "partial weight," rejecting social

17   interaction limitations as inconsistent with her own findings and the record.  Tr. 25-26.  Dr.

18   Cooper's findings included "intense and boisterous" attitude and behavior, "tearful" mood and

19   affect, and "staccato" speech.  Tr. 413.  The ALJ did not explain how these findings were

20   inconsistent with Dr. Cooper's opinion of "strained relationships with some supervisors" and

21   being "more comfortable … without much interaction."  Tr. 418.  The ALJ also did not explain

22   how the record as a whole was inconsistent with Dr. Cooper's opinions.  Inconsistency with her

23

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 6

1  own findings or the record as a whole were not specific and legitimate reasons to discount Dr.

2  Cooper's opinions.

3  The ALJ stated Plaintiff claimed "auditory and visual hallucinations" during this

4  examination, which were unsupported by any other evidence in the record.  Tr. 26.  Dr. Cooper

5  did not use the term hallucinations, but she reported Plaintiff's description she "had images" of a

6  deceased grandmother and boyfriend and "hears voices," and assessed Plaintiff as "quite sincere

7  in describing these incidents."  Tr. 413.  The ALJ concluded this "suggests possible symptom

8  exaggeration."  Tr. 26.  Even if the incidents did not occur as Plaintiff reported, it is unclear how

9  they affected Dr. Cooper's opinions on social interaction.  The Commissioner does not defend

10  the ALJ's reason, apparently conceding it is erroneous.  Given the ALJ's other erroneous

11  reasons, and the need to reevaluate other mental health opinions on remand, the ALJ should

12  reevaluate Dr. Cooper's opinions.

13  **B.      Plaintiff's Testimony**

14  The ALJ permissibly discounted Plaintiff's testimony based on inconsistent statements,

15  conflict with her activities, and conflict with medical evidence.  Tr. 24.

16  Plaintiff testified she can only sit for five minutes at a time, but can drive for 30 minutes.

17  Tr. 47, 52.  She testified she can only stand for five minutes at a time, but reported mowing her

18  lawn with a push mower.  Tr. 47, 442.  Plaintiff testified she can only use her hands, such as for

19  sewing, for five minutes at a time.  Tr. 57-58.  Yet in July 2016 Plaintiff reported she "does a lot

20  of hand crafts at home."  Tr. 399.  In November 2016 Plaintiff reported sitting 45 to 60 minutes

21  sewing.  Tr. 442.  Plaintiff argues her condition worsened, but in July 2018 she again reported

22  doing "a lot of hand crafts."  Tr. 509.  Inconsistent statements and conflict with her activities

23  were clear and convincing reasons to discount Plaintiff's physical symptom testimony.

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 7

1  The ALJ permissibly discounted Plaintiff's testimony of poor concentration based on

2  testing showing she was "not impaired." Tr. 24, 55-56, 416.  The ALJ permissibly discounted

3  testimony of difficulty interacting with people because Plaintiff shops in stores and uses public

4  transportation.  Tr. 24, 51, 399, 415.  The Court accordingly concludes the ALJ did not err by

5  discounting Plaintiff's testimony.

6  **C.    Lay Witness Statement**

7  The ALJ permissibly discounted Plaintiff's sister's similar lay witness statement for the

8  same reasons as Plaintiff's testimony.  *See Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 694

9  (9th Cir. 2009) (if an ALJ gave clear and convincing reasons for rejecting the claimant's

10  testimony, those reasons are germane to similar testimony by a lay witness). The Court

11  accordingly affirms the ALJ's assessment of the lay witness testimony.

12  **D.    Scope of Remand**

13  Plaintiff incorrectly asserts improperly rejected evidence should be credited as true and

14  benefits should be awarded.  Dkt. 16 at 19.  The Court can only remand for benefits when the

15  record is complete and further administrative proceedings would serve no useful purpose.

16  *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).  Here, however, there remain conflicts

17  the ALJ must resolve between the challenged medical opinions and the opinions of the State

18  agency non-examining doctors.  *See* Tr. 110, 112, 125, 127.  Enhancement of the record would

19  be useful and, accordingly, remand for further proceedings is appropriate.

20  **CONCLUSION**

21  For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is

22  **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

23

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 8

1    On remand, the ALJ should reevaluate the Dr. Turner's opinions, Dr. Marks' 2018

2   opinions, Dr. VanFossen's 2018 opinions, and Dr. Cooper's opinions; develop the record and

3   reassess the RFC as appropriate; and proceed to step five as necessary.

4    DATED this 20th day of October, 2020.

5

6    _____

7    BRIAN A. TSUCHIDA
    Chief United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 9